IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00845-PAB-MEH

SYLVIA M. ASTEN,

    Plaintiff,

v.

CITY OF BOULDER, a Colorado municipality;
PATRICK COMPTON and JEREMY FRENZEN,
in their individual and official capacities;

    Defendants.

---

**ORDER ON DEFENDANTS' RENEWED MOTION TO COMPEL TAPE RECORDING**

---

    Defendants have renewed their motion to compel the Plaintiff to produce a tape recorded interview of witness Taylor Levy made by Plaintiff's counsel [filed May 27, 2010; docket #77]. I denied a similar request without prejudice prior to the deposition of Ms. Levy, relying on the work product doctrine instituted by *Hickman v. Taylor*, 329 U.S. 495 (1947). I determined that the deposition of Ms. Levy should be an adequate substitute for her prior recorded statement. Defendants have now taken Ms. Levy's deposition and renew their motion in light of the testimony they obtained.

    A party seeking a witness statement may overcome the work product doctrine if that party establishes substantial need for the material to prepare its case and cannot, without undue hardship, obtain its substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A). "A party may demonstrate undue hardship if a witness cannot recall the events in question, or is unavailable for deposition; however, broad unsubstantiated assertions of unavailability or faulty memory are insufficient to show undue hardship." *In re Int'l Sys. and Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982).

Defendants assert that Ms. Levy's inability to recollect the events that underlie this lawsuit satisfies the undue hardship standard. Ms. Levy, who was Plaintiff's next-door neighbor at the time of the alleged police brutality, who witnessed part of the events in question, and who spoke to Plaintiff at or about the time of the events in question, gave a recorded interview to Plaintiff's counsel, Terry Wallace, on October 16, 2007, approximately one year after the event in question (which occurred October 1, 2006). Defendants took Ms. Levy's deposition on April 16, 2010, three and one-half years after the event. She testified at deposition as follows: "I don't have the best memory in the world."; "I'm positive that the conversation that I had with Terry years ago is more thorough. . . . And almost for sure more accurate. Definitely more thorough that what's going on now." She also stated numerous times during her deposition that her memory is not the best, and she does not remember the events very well.

I believe that the analysis in *Hunkin v. Cooper/T. Smith Stevedoring Co., Inc.*, Civ. Action No. 08-456, 2010 WL 93856, at *2 (W.D. La. 2010) is sound. In that case the court ordered the production of the tape recorded statement, with safeguards as described below. The relevant procedural facts in that case are essentially the same as those presented here: a tape recorded witness interview close to the time of the event underlying the lawsuit (in that case, the same day) and a deposition some time later (in that case, a year later) in which the witness fails to recall important details. In *Hunkin*, the court made the logical finding that the witnesses' recollection on the day of the accident was likely better than at the time of their depositions. That conclusion is not so obvious here, given the fact that the interview was a year after the event and the deposition three and a half years. I need not make any such finding, however, because Ms. Levy herself stated several times that her memory at the time of the interview was better, and that the interview will have more thorough and accurate information than the

deposition. For the same reasons as stated in the *Hunkin* opinion, I find that Defendants have established substantial need for the interview and cannot, without undue hardship, obtain its substantial equivalent.

In order to protect Mr. Wallace's opinion work product, which is entitled to heightened protection, Plaintiff shall produce to me a transcript of Ms. Levy's interview, in its entirety, on or before **July 15, 2010**, for an *in camera* review. I will take whatever steps are necessary to protect against disclosure of Mr. Wallace's mental impressions, conclusions, opinions, or legal theories. At the very least, only Ms. Levy's substantive responses to questions will be produced, and not the questions themselves. Context may be added when necessary, and I may rearrange Ms. Levy's responses to avoid disclosure of opinion work product.

Therefore, for the foregoing reasons, Defendants' Renewed Motion to Compel Plaintiff to Produce the Tape Recording of the Interview with Witness Taylor Levy is **granted in part** and **denied in part**, as stated herein.

SO ORDERED.

Dated at Denver, Colorado, this 29th day of June, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge