IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00845-PAB-MEH

SYLVIA M. ASTEN,

      Plaintiff,

v.

CITY OF BOULDER, a Colorado municipality,
PATRICK COMPTON, in his individual capacity, and
JEREMY FRENZEN, in his individual capacity,

      Defendants.

---

**RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court is Plaintiff's Motion for Leave to Amend [filed August 31, 2010;

docket #92]. The matter is referred to this Court for disposition. (Docket # 93.) The motion is fully

briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated

below, the Court **RECOMMENDS** Plaintiff's Motion for Leave to Amend be **DENIED**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file
any written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings
or recommendations to which the objections are being made. The District Court need not consider
frivolous, conclusive or general objections. A party's failure to file such written objections to
proposed findings and recommendations contained in this report may bar the party from a de novo
determination by the District Judge of the proposed findings and recommendations. *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file
written objections to the proposed findings and recommendations within fourteen (14) days after
being served with a copy may bar the aggrieved party from appealing the factual findings of the
Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,
155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## I. BACKGROUND

Plaintiff avers that "amendment is necessary to include all of the individuals against whom plaintiff has a claim arising out of the events on October 1, 2006." (Docket #92.) Plaintiff seeks leave to add as defendants Officer Jeff Arrigo in his individual capacity and Sergeant Cooper Grimes in his individual and official capacities, with corresponding factual allegations included within the body of the amended complaint, and two additional substantive claims. (*See* docket #92-1 at 1; docket #92-2 at 1-2.) Plaintiff argues that a party seeking amendment after the scheduling order deadline does not need to show good cause. (Docket #92-2 at 2.) Plaintiff believes that Rule 15(c)(1)(B) permits relation back of the proposed amendments regarding "the conduct of Grimes and Arrigo" to the date Plaintiff filed her original complaint. (*Id.*) Plaintiff alleges that "Defendants appear to have spent a good deal of time and effort trying to cover up the facts that form the basis of the amended complaint," specifically, the facts about the Boulder police's first encounter with Plaintiff during the morning of October 1, 2006. (*Id.*)

In consideration of the current schedule set in this aging matter, the Court ordered expedited briefing on Plaintiff's motion. In their response, Defendants describe how the parties had conferred about this motion at the end of April 2010, four months prior to Plaintiff's filing of the motion. (Docket #97 at 1-2.) At that time, counsel for Defendants communicated to counsel for Plaintiff that the motion would be opposed, as Plaintiff's counsel did not explain any basis for including Sergeant Grimes and Officer Arrigo as defendants, nor did Plaintiff's counsel include a proposed amended complaint for Defendants' counsel to review. (*Id.*) Counsel for Defendants represents that Plaintiff's counsel "never sought to discuss this matter either in person, over the phone, or in additional correspondence" before filing the present motion four months after the initial exchange. (*Id.* at 2.) Defendants argue that this conduct does not demonstrate an attempt to confer in good faith as required by D.C. Colo. LCivR 7.1A. (*Id.*)

Defendants further contend that Plaintiff's motion should be denied as futile, because the new allegations against the new defendants are barred by the applicable statute of limitations. (Docket #97 at 3.) Defendants allege that Plaintiff knew or should have known of these two officers as far back as August 2007, when "Plaintiff, through her counsel, requested records relating to any contacts between the Plaintiff and the Boulder Police Department in October 2006." (*Id*. at 6.) Defendants explain that Plaintiff knew two separate reports had been issued with regards to the incident giving rise to this matter, and one of the reports included reference to Sergeant Grimes and Officer Arrigo. (*Id*.) Defendants state that Plaintiff also "undoubtedly knew the identities of both Sergeant Grimes and Officer Arrigo by no later than December 21, 2009, when the Defendants' issued their initial disclosures" which included both reports. (*Id.*) Defendants aver that they would be "severely prejudiced" by the entry of an amended complaint, as discovery is now closed. (*Id*. at 7.) Defendants believe that re-opening discovery at this later stage of the litigation would "cause additional delay and expense" for the presently named Defendants. (*Id*.) In any event, Defendants argue that Plaintiff should not be permitted to revive claims previously dismissed by Judge Brimmer, and the proposed amended complaint "attempts to recast at least two claims previously dismissed." (*Id*. at 8.)

In reply, Plaintiff contends that motions to amend are treated differently by the Federal Rules of Civil Procedure, and "there [was] almost zero chance these defendants would agree to the addition of more police officer defendants; thus conferring about it could be almost deemed futile." (Docket #102 at 2.) Plaintiff believes that Defendants had the same defenses raised now when counsel for Plaintiff attempted to confer in April, but they did not discuss such defenses. (*Id*.) Plaintiff does not address Defendants' assertion that Plaintiff did not provide the proposed amended complaint to Defendants for review. As to the timeliness argument raised by Defendants, Plaintiff states "[a] great deal of the delay in filing for leave to amend was caused by defendants' failure to

cough up vital information." (*Id.* at 4.) Plaintiff cites to *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010) for the proposition that "the only proper inquiry is whether Grimes and Arrigo knew or should have known, absent some mistake, plaintiff would have named them as well as the others involved." (*Id.* at 4-5.) Regarding Defendants' concerns that Plaintiff is improperly reviving claims, Plaintiff asserts that because Defendants cite no legal authority, this Court should reject their argument. (*Id.* at 6.)

## II.    DISCUSSION

Plaintiff brought the following six claims in her original complaint: 1) unconstitutional use of excessive force, unlawful seizure of person, and unreasonable use of Taser; 2) unconstitutional use of deadly force; 3) *Monell* claim against the City of Boulder for an unconstitutional municipal policy; 4) *Monell* claim against the City of Boulder for an unlawful policy by acts of an official policy maker, directed at the Boulder City Police Chief; 5) *Monell* claim against the City of Boulder for constitutional violations from informal custom and policy; and 6) false imprisonment. (*See* docket #1.) After disposition of Defendants' motion to dismiss, Judge Brimmer dismissed Plaintiff's second, third, fourth and sixth claims for relief, leaving Plaintiff's first and fifth claims. (*See* docket #15.) In addition to the remaining first and fifth claims from the original complaint, Plaintiff proposes to add two more claims, one of false imprisonment and one *Monell* claim against the City of Boulder for an unlawful policy by acts of an official policy maker, directed at Sergeant Grimes. (*See* docket #92-1.)

Plaintiff brings her motion pursuant to Rule 15(a)(2) and 15(c)(1)(B). (Docket #92 at 1.) The Court addresses each basis for amendment in turn, but first addresses Plaintiff's deficient compliance with D.C. Colo. LCivR 7.1A. Rule 7.1A requires meaningful negotiations, not simply a message indicating an intent to file a motion, without further explanation or attempt at compromise. *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634 (2003). The Court finds Plaintiff's

4

minimal attempt at conferral, four months prior to actually filing the motion to amend, inadequate to meet the requirements of Rule 7.1A. The Court agrees with Defendants' contention that Plaintiff's motion could be denied outright for failure to comply with Rule 7.1A, however, in the interests of a thorough analysis the Court finds Plaintiff's substantive arguments also without merit, as further stated below. *See also Standard Bank PLC v. Vero Ins. Ltd.*, No. 08-cv-02127-PAB-KLM, 2009 WL 4730474, at *2 (D. Colo. Dec. 7, 2009) (recognizing that the Court may deny a motion based on defective conferral alone, pursuant to D.C. Colo. LCivR 7.1A and Practice Standards (Civil Cases), Judge Philip A. Brimmer § III.B.1).

### A. *Rule 15(a)(2)*

According to the Scheduling Order, the deadline for joinder of parties and amendment of pleadings was set at January 29, 2010. (Docket #34 at 12.) No extension of this deadline was requested. Because Plaintiff filed her motion almost exactly seven months after the deadline, granting her motion pursuant to Rule 15(a)(2) would require an amendment of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether Plaintiff demonstrates good cause allowing amendment of the Scheduling Order. Second, if Plaintiff shows good cause, she must also meet the requirements of Fed. R. Civ. P. 15(a).[2]

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)],

---

[2]Plaintiff cites to *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010) in support of her contention that seeking amendment after the deadline set in the scheduling order does not require a showing of good cause. *Riggs* states exactly the opposite. The *Riggs* Court explained, consistent with this Court's analysis above, "[a]ssuming Plaintiffs have demonstrated 'good cause' for seeking modification of the Scheduling Order under Rule 16(b), they must also meet the standard for amendment under Fed. R. Civ. P. 15." *Id.*

requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* However, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Id.*

Here, Plaintiff makes no showing of good cause to extend the deadline for amendment of pleadings set by the scheduling order. Plaintiff makes a vague reference to the fact that "[v]irtually no discovery had been completed by [January 29, 2010]." (Docket #92-2 at 1.) Plaintiff offers no explanation for not requesting an extension of time within which to amend pleadings. The Court recognizes that "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause," *Riggs*, 2010 WL 1957110 at *3 (citation omitted); however, Plaintiff refers to the first encounter between herself and Boulder police (Officer Arrigo and Sergeant Grimes) in the early morning hours of October 1, 2006 in her first Complaint, filed in April 2008.[3] Moreover, Plaintiff was aware of two police reports, Nos. P06-14073 and P06-14037, in August 2007, evidenced by her records request to the Boulder Police Department. (Docket #98.) Report No. P06-14037 referred to the contact by Officer Arrigo and Sergeant Grimes (docket #98-1 at 7), and Report No. P06-14073 referred to the contact by Officers Compton and Frenzen (docket #98-1 at 8). Plaintiff was on more than adequate notice in light of these facts, as well as the fact that she was present during the first encounter, for the purposes of naming the appropriate defendants when she initiated this action on April 23, 2008. At the very least, Plaintiff could have named two John Doe defendants and conducted discovery to

---

[3]Plaintiff also argues that "three law enforcement contacts with plaintiff were not confirmed until mid-July, 2010. This motion is filed 1 ½ months later." (Docket #92-2 at 4.) The Court finds this statement, which the Court perceives as an attempt to justify the delay in bringing this motion, slightly disingenuous in the face of the email from Plaintiff's counsel dated April 29, 2010, indicating Plaintiff's intent to seek leave to amend on these very issues. (Docket #97-1.)

deduce their identities well in advance of the deadline for joinder of parties and amendment of pleadings.

The Court concludes that Plaintiff fails to establish good cause for modification of the Scheduling Order to permit amendment of her Complaint, on the basis of undue delay in seeking to amend. The incident giving rise to the facts of this matter occurred almost exactly four years ago, on October 1, 2006. The Complaint, inclusive of facts forming the basis of the proposed amendments, was filed on April 23, 2008. The deadline for amendment of pleadings was January 28, 2010. Plaintiff's counsel indicated to Defendants' counsel intent to file an amended complaint on April 29, 2010, but did not move the Court until approximately four months later on August 31, 2010. Plaintiff has enjoyed ample time to properly identify defendants and claims, and the Court perceives nothing in Plaintiff's pleadings demonstrating good cause to allow such amendments at this late date in the litigation. Accordingly, the Court recommends Plaintiff's motion be denied.

### B. Rule 15(c)(1)(B) and (C)

Even if the Court determined good cause permits leave to amend outside of the scheduled deadline, the Court finds that Plaintiff does not meet Rule 15(c)'s requirements to allow relation back of the proposed amendments to the date of the filing of Plaintiff's original complaint. Here, the event giving rise to Plaintiff's lawsuit occurred on October 1, 2006. (Docket #1 at 1.) Under the applicable statute of limitations, Plaintiff had to bring this action on or before October 1, 2008. *Brown v. Whitman*, 651 F. Supp. 2d 1216, 1220 (D. Colo. 2009) ("[t]he Tenth Circuit has made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued" (citation omitted)). Her original complaint was timely filed on April 23, 2008. The proposed Amended Complaint, submitted to the Court on August 31, 2010, would not be timely absent relation back pursuant to Rule 15(c).

In response to Plaintiff's motion, Defendants assert that "Plaintiff's attempt to amend her complaint to name Sergeant Grimes and Officer Arrigo is futile because the statute of limitations expired no later than October 1, 2008." (Docket #97 at 4.) Defendants argue that Rule 15(c) "was designed to permit correction of a technical misnomer of a proper party . . . [not] to allow a plaintiff to avoid the statute of limitations." (*Id*. at 5 (citations omitted).) Defendants contend that Plaintiff could not have made a mistake regarding the identities of the defendants, because "she had two years to determine which officers were involved and to initiate an action against them," and in fact did, relying on police records listing the names of Defendants and the two proposed additional defendants. (*Id*. at 6, 7.) Moreover, Defendants aver Plaintiff should not be permitted to resuscitate dismissed claims through amendment via Rule 15(c). (*Id*. at 8-11.)

Rule 15(c)(1) governs the relation back of amendments. If the applicable statute of limitations has run, an amended complaint may relate back to the date of the timely filed original complaint when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A-C) (2010). As reflected in the plain language of the statute, Rule 15(c)(1)(B) applies to an amendment asserting a claim or defense, and Rule 15(c)(1)(C) applies to an amendment changing a party or the naming of a party. The connecting word between Rule 15(c)(1)(B) and (C) is "or," and Plaintiff addresses both (B) and (C) in her briefing, thus the Court

adjudicates both grounds for amendment and concludes that neither provision supports granting Plaintiff's request.

### 1.     Rule 15(c)(1)(C) Concerning the Proposed Additional Parties

In her reply, Plaintiff relies heavily on the Supreme Court's interpretation of Rule 15(c)(1)(C) in *Krupski* to support her request for amendment. (*See* docket #102 at 2-5.) In *Krupski*, the Supreme Court held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." 130 S. Ct. at 2490. Plaintiff believes that "the only proper inquiry is whether Grimes and Arrigo knew or should have known, absent some mistake, plaintiff would have named them as well as the others involved." (Docket #102 at 5.) For the following reasons, the Court disagrees and finds *Krupski* distinguishable from the facts of this case.

The *Krupski* matter concerned a plaintiff who tripped on a cruise ship and subsequently sued Costa Cruise Lines, an entity listed on the plaintiff's cruise ticket (which also listed Costa Crociere as the carrier), for negligence. 130 S. Ct. at 2490. The claims administrator for Costa Cruise interacted with the plaintiff for the purposes of facilitating settlement. *Id*. The parties did not settle, and the plaintiff filed her lawsuit before the applicable limitations period expired, serving Costa Cruise on February 4, 2008. *Id*. Costa Cruise began asserting it was the wrong defendant beginning that month and moved for summary judgment in May 2008, asserting that Costa Crociere was the proper defendant. *Id*. at 2491. The plaintiff then presented various pieces of evidence supporting her belief that Costa Cruise, not Costa Crociere, was the appropriate party. *Id*. The Eleventh Circuit affirmed the lower court's finding that the plaintiff knew or should have known that Costa Crociere was the appropriate party, thus she had made no mistake in suing Costa Cruise and was out of time to sue Costa Crociere. *Id*. at 2492.

The Supreme Court reversed, finding the issue of relation back rested on "whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." Id. at 2493. The Supreme Court stated, "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Id*. However, the *Krupski* Court also explained how "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Id*. at 2494.

The proposed additions of Officer Arrigo and Sergeant Grimes fails under the plain language of Rule 15(c)(1)(C). Rule 15(c)(1)(C) applies to an amendment that "*changes* the party or the naming of the party against whom a claim is asserted." (emphasis added). Here, Plaintiff is not seeking to *change* a party, but to *add* two parties. It is this addition that belies Plaintiff's assertion of a mistake. This matter is not a case of mistaken identity, as in *Krupski*, but concerns a deliberate choice to sue one set of defendants without including certain others also involved in the October 1, 2006 incident. Therefore, the Court finds that Rule 15(c)(1)(C) does not provide permissible grounds for Plaintiff's proposed amendment.

### 2.      Rule 15(c)(1)(B) Concerning the Proposed Additional Claims

Plaintiff seeks leave to add two additional claims to her complaint, in addition to the two proposed defendants: one of false imprisonment and one *Monell* claim against the City of Boulder for an unlawful policy by acts of an official policy maker, directed at Sergeant Grimes. As stated above, the Court finds that the applicable statute of limitations bars Plaintiff's addition of Sergeant Grimes to this lawsuit; thus the Court evaluates only the proposed claim for false imprisonment, directed at all defendants. (*See* docket #92-1 at 11-12.)

After comparing the proposed claim for false imprisonment with the original claim for false imprisonment dismissed by Judge Brimmer, the Court perceives no *substantive* difference between the two.[4]  An exceedingly tardy motion for leave to amend is not an appropriate vehicle for a motion for reconsideration of Judge Brimmer's order granting dismissal. Judge Brimmer's order constitutes law of this case, and the law of the case doctrine generally "dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case." *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007).[5]  Therefore, the Court finds that Rule 15(c)(1)(B) does not provide permissible grounds for Plaintiff's proposed amendment.

## C.     Rule 11

In her reply, Plaintiff alerts the Court to a claim by Defendants "that plaintiff and her counsel are violating Rule 11." (Docket #102 at 6.)  Plaintiff "requests a hearing on these accusations without delay." (*Id.*)

The Court reviewed Defendants' response for an allegation of a Rule 11 violation.  The Court discerned one mention of Rule 11, as a citation in support of Defendants' statement that "Plaintiff and her counsel lack a good faith basis to present such allegations." (Docket #97 at 10.) This assertion refers to Plaintiff's attempt to again pursue a claim for false imprisonment against Defendants.  Defendants take issue with Plaintiff's contention that Defendants "fabricated" and "misrepresented" the facts of October 1, 2006, in the face of testimony that Dr. Faris, a psychiatrist, did not rely on the police department's hold on Plaintiff to recommend Boulder District Court's

---

[4]The Court emphasizes the term *substantive*, because the proposed claim does include certain factual references not included within the original claim.  The Court does not perceive the added references as material to the claim in a manner that would affect the substance of Judge Brimmer's adjudication of the original claim.

[5]The same reasoning further bars the proposed *Monell* claim directed at Sergeant Grimes. Judge Brimmer reviewed and dismissed a substantively similar *Monell* claim in the original complaint, directed at the Boulder City Police Chief.

approval of a short-term certification. (*See id.* at 9-10.)

The Court does not believe Defendants' mention of Rule 11 as legal authority for their statement regarding whether Plaintiff moved in good faith for amendment constitutes an accusation of misconduct necessitating a hearing. Defendants, like Plaintiff, maintain the right to robustly advocate their case before the Court. However, the Court emphasizes to both sides of this matter that the right of advocacy includes an obligation to interact truthfully, respectfully and productively with opposing counsel and with the Court. The Court encourages the parties to bear this in mind as they proceed in this lawsuit.

## III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** Plaintiff's Motion for Leave to Amend [filed August 31, 2010; docket #92] be **DENIED**.

Dated at Denver, Colorado, this 28th day of September, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge