IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00845-PAB-MEH

SYLVIA M. ASTEN,

    Plaintiff,

v.

CITY OF BOULDER, a Colorado municipality,
PATRICK COMPTON, in his individual capacity, and
JEREMY FRENZEN, in his individual capacity,

    Defendants.

_____

**ORDER ACCEPTING RECOMMENDATION OF MAGISTRATE JUDGE**
_____

This matter is before the Court on plaintiff's motion for leave to amend [Docket No. 92], filed August 31, 2010. Magistrate Judge Hegarty issued a thorough Recommendation of Magistrate Judge [Docket No. 104] on September 28, 2010. The magistrate judge construed the motion to amend to be dispositive of plaintiff's additional claims and therefore recommended, rather than ordered, that the motion be denied. *See* Fed. R. Civ. P. 72(b) (magistrate judge is to recommend proper adjudication of dispositive matters). On October 8, 2010, Plaintiff filed a timely objection to the recommendation [Docket No. 120] and defendants responded [Docket No. 129]. The Court therefore takes up the motion in light of the plaintiff's objection and conducts the requisite de novo review.

Plaintiff's motion to amend purports to add claims and parties based on new evidence uncovered during the discovery phase of this litigation. Because the

scheduling order's deadline for amending the pleadings had passed, the magistrate judge required the plaintiff to show good cause under Rule 16(b) in order to modify the scheduling order and amend the complaint. Plaintiff is correct that it is an open question in the Tenth Circuit whether good cause is required to amend a post-deadline pleading. *See Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009). But even assuming plaintiff need only satisfy the standard set forth in Rule 15, which permits an amendment "when justice so requires," the motion to amend must be denied.

Motions to amend may be denied on the ground of undue delay. The focus is "primarily on the reasons for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *see also id.* ("[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993))). Leave to amend may be denied "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

Plaintiff seeks to add two defendants, Officer Arrigo and Sgt. Grimes of the Boulder Police Department, as well as two claims – a *Monell* claim for unlawful policy by acts of official policy maker and a claim for false imprisonment. As to the additional defendants, plaintiff was aware of their existence and the fact that they had contact with plaintiff at least as of December 21, 2009, when defendants disclosed police report P06-14037, whose narrative identified both officers by name and stated that they had contact with plaintiff on October 1, 2006. *See* Docket No. 98-1 at 7. Plaintiff states that

disclosure of this report confused her because it contradicted her version of events and she could not amend her complaint to add these defendants until she received confirmation of this contradiction, see Docket No. 120 at 2, which she did not receive until the June 2010 disclosure of radio transmission recordings.  See Docket No. 92-2 at 3.  But plaintiff has no adequate explanation of why she needed to wait for this confirmation if her own memory contradicted what she read in the report.  Whether or not plaintiff received the documents which supported her version of events until later, she was, or should have been, aware of the relevant facts and that they contradicted Officer Arrigo and Sgt. Grimes' report long before the post-discovery motion to amend.  Instead, she allowed the January 29, 2010 deadline for joinder of parties and amendments of pleadings to pass without seeking to file an amended complaint.  Moreover, in April 2010, she notified defendants of her intent to amend the complaint, but did not file her motion to do so until August 31, 2010.  Plaintiff provides no reason for this delay.  Therefore, plaintiff has unduly delayed the addition of these two defendants.

     I also agree with the magistrate judge that plaintiff's motion to amend should be denied as to her additional proposed claims.  Plaintiff's proposed *Monell* claim is directed solely at Sgt. Grimes and is therefore also unduly delayed.  Plaintiff's other proposed false imprisonment claim is identical in substance to the original false imprisonment claim dismissed by the Court, see Docket No. 15 at 26-27, and the Court sees no reason to reconsider that ruling.  *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007).

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 104] is **ACCEPTED**.  As a result, it is further

**ORDERED** that plaintiff's Motion for Leave to Amend [Docket No. 92] is **DENIED**.


DATED December 29, 2010.

                                                        BY THE COURT:

                                                       s/Philip A. Brimmer
                                                       PHILIP A. BRIMMER
                                                       United States District Judge